NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-775

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 524112

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming, on judicial review under G. L. c. 6, § 178K (2) (c), and G. L. c. 30A, § 14, the final decision of the Sex Offender Registry Board (the board or SORB) on his motion for reclassification.  On appeal, Doe argues that it was arbitrary and capricious and an abuse of discretion for the hearing examiner (examiner) to continue to classify Doe as a level three sex offender.[1]  We affirm the judgment.

---

[1] In an apparent mistake, page eight of the examiner's decision includes a paragraph stating that Doe should be classified as a level two offender.  Although the error is puzzling in light of the lengthy discussion later in the decision of why Doe should continue to be classified as a level three offender, Doe does not argue that the error entitles him to any relief.

Discussion. 1. Standard of review. The examiner's determination is "guided by [several] statutory risk factors" and various "aggravating and mitigating considerations." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019). See G. L. c. 6, § 178K (1); 803 Code Mass. Regs. § 1.33 (2016). The examiner has discretion "to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014) (Doe No. 68549).

Our review is limited, and "[w]e reverse or modify the board's decision only if we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011) (Doe No. 10800). In reviewing SORB's decisions, we "give due weight to the experience, technical competence, and specialized knowledge of the [board], as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (7). See Doe No. 10800, supra. The plaintiff, therefore, "bears a heavy burden of establishing that [SORB's] decision was incorrect" (citation omitted). Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 758 (2021).

2

2.  The factors.  Doe argues that the examiner abused his discretion by giving only minimal weight to four risk-mitigating factors and by failing to give any weight to a fifth such factor.[2]

First, Doe argues that the examiner erred by giving only minimal weight to "offense-free time in the community" (factor 29).[3]  That factor requires examiners to consider for adult males that "[t]he risk of reoffense decreases for most offenders after living in the community offense-free for five to ten years" (emphasis added).  Factor (29)(a).  Here, the examiner considered that Doe had been offense-free in the community for almost six years at the time of the reclassification hearing. The examiner also considered that, at the time of Doe's third offense, he had accrued eight offense-free years since his second offense.  It was well within the examiner's discretion to consider that more than five years of offense-free time in the community has not prevented Doe from reoffending in the past.

Second, Doe asserts that the examiner erred by assigning only minimal weight to risk-mitigating factor 32, sex offender

---

[2] Doe does not appeal from the examiner's application of the high-risk or risk-elevating factors.

[3] See 803 Code Mass. Regs. § 1.33(29).  Hereinafter we will refer to various classification factors by name and number, it being understood that each of them appears in a corresponding subpart of 803 Code Mass. Regs. § 1.33.

3

treatment. Factor 32 is given less weight when the adult male offender participated in but did not complete sex offender treatment while "under community supervision," as appeared to be the case with Doe in 2016. Factor (32)(a)(3). Additionally, the examiner found that Doe had reoffended since being ordered to enroll in treatment in 2006 and, thus, had not benefited from being in sex offender treatment. The examiner acted within his discretion by giving minimal weight to factor 32 based on these considerations.

Third, according to Doe, the examiner erred by giving minimal weight to the "home situation and support systems" mitigating factor, factor 33. "The likelihood of reoffense is reduced when an [adult male] offender is supported by family, friends, and acquaintances," and the factor is given greater weight when the network is aware of Doe's sex offense history. Factor (33)(a). The examiner considered the letter submitted by the mother, with whom Doe resides, and found that the mother both "cares deeply for him" and knows of his sex offense history. The examiner also considered, however, that Doe sexually assaulted his third and fourth victims, who were minors, while in the mother's house.[4] Though the mother's letter

---

[4] The mother also had a practice of harboring children who had run away from the Department of Children and Families custody, creating a concern that children were often in the

4

expressed general support for Doe, the examiner permissibly exercised his discretion by considering that two of Doe's four offenses took place in the mother's home and, thus, ascribing minimal weight to factor 33.  See Doe No. 68549, 470 Mass. at 109-110 (examiner's discretion to determine weight to be given each factor).

Fourth, turning to factor 34, Doe contends that the examiner erred by assigning only minimal weight to his stability in the community.  "The Board shall consider evidence that directly addresses the [adult male] offender's recent behavior and lifestyle including, but not limited to:  his residential stability, . . . education or employment stability, [and] type of employment."  Factor (34)(a).  The examiner considered that Doe had a job at a fast-food restaurant and lived with his mother and aunt.  But the examiner also inferred that, because the fast-food restaurant caters specifically to children, children frequently visit the restaurant, making it a concerning type of employment given Doe's history of offending against children.  Additionally, Doe submitted documentation to prove that he had maintained the job for a period of only two months, which is not compelling evidence of employment stability.  The

home.  All of Doe's prior offenses were committed against minors, at least three of whom were younger than thirteen.

5

examiner did not abuse his discretion in ascribing minimal weight to factor 34.

Finally, Doe asserts that the examiner failed to apply any weight to the "physical condition" risk-mitigating factor (factor 31). The examiner considered Doe's medical records, which identified Doe's medical problems as: borderline hypercholesterolemia, elbow pain, ESR raised, gout, hyperuricemia, obesity, otitis externa, and a vitamin D deficiency. After reviewing the documents, the examiner found no evidence "that [the plaintiff] is physically impaired in any way which would prevent sexual [reoffense]." A hearing examiner is not required to consider physical conditions that do not decrease an adult male offender's degree of dangerousness; the examiner acted within his discretion by not applying any weight to factor 31. See factor (31)(a).

After careful review of the examiner's decision, we discern no abuse of discretion or other error entitling Doe to relief.

<u>Judgment affirmed</u>.

By the Court (Meade, Sacks & Hodgens, JJ.[5]),

Clerk

Entered: February 12, 2025.

---

[5] The panelists are listed in order of seniority.